NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3697
_____

UNITED STATES OF AMERICA

v.

PATRICE EBAI TALBOT,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(1-13-cr-00215-001)
District Judge:  Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2015
_____

Before:  HARDIMAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion Filed:  May 7, 2015)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Patrice Ebai Talbot ("Appellant" or "Talbot") is a native and citizen of Cameroon, who unlawfully entered the United States in June 2002. A few months after his arrival, Appellant filed an application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. His application was denied and he was served with a Notice to Appear. Throughout his immigration proceedings, Talbot was represented by attorney Patrick Tzeuton.[1] Appellant testified and presented evidence including the testimony of two witnesses. The Immigration Judge ("IJ") denied Appellant's request for asylum, finding that his testimony was not credible and that the evidence he presented was uncorroborated. The Board of Immigration Appeals ("BIA") dismissed Talbot's appeal and affirmed the IJ's decision without opinion.

On three separate occasions in 2013, Immigration and Customs Enforcement officers attempted to remove Talbot. Each time, Appellant prevented his removal. Appellant was charged with hindering removal from the United States and filed an unsuccessful pretrial motion collaterally challenging the validity of the removal order. After a bench trial, the District Court found Appellant guilty and sentenced him to time served. Appellant timely appealed.

---

[1] Four years after the conclusion of Talbot's immigration proceedings, Tzeuton was convicted of conspiracy to commit immigration fraud, seven counts of immigration fraud, and one count of obstruction of an official proceeding. In light of this, the BIA banned Tzeuton from practicing in immigration proceedings. These facts form the basis of Talbot's ineffective assistance of counsel claim, discussed below.

Talbot argues that the District Court erred in denying his pretrial motion, which alleged that his final order of removal was invalid due to ineffective assistance of counsel.[2] For his motion to succeed, Talbot had to establish that his counsel's ineffectiveness undermined the fundamental fairness of his removal proceeding. *Contreras v. Att'y Gen.*, 665 F.3d 578, 584 (3d Cir. 2012). "To evaluate the merits of an ineffectiveness claim, we apply the familiar two-part error-and-prejudice test . . . ask[ing] whether competent counsel would have acted otherwise [and] [i]f so, . . . whether counsel's poor performance prejudiced the alien." *Id.* (internal quotation marks and citations omitted). Talbot failed to establish any nexus between the conduct underlying Tzeuton's criminal convictions and the legal representation he received. Furthermore, Talbot did not establish that competent counsel would have handled his case differently. As such, the District Court correctly concluded that his due process rights were not violated.

Talbot also argues that he is not a "deportable alien" under 8 U.S.C. § 1227(a). Specifically, he asserts that given the plain language of § 1227(a), in order "for an alien to be 'deportable,' the Attorney General must issue, by delegation or otherwise, a proper travel document" and no such travel document was issued here. Appellant's Br. at 24. This argument is not borne out by the statute. Rather, § 1227(a)(1)(B) states: "Any alien

---

[2] Our review of a district court's denial of a pretrial motion collaterally attacking the validity of a removal order is for clear error as to factual findings and plenary as to conclusions of law. *United States v. Charleswell*, 456 F.3d 347, 351 (3d Cir. 2006).

. . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is . . . present in the United States in violation of this Act or any other law of the United States . . . ." Contrary to Talbot's argument, an alien is "deportable" when a removal order is issued. It is this order that must originate from the Attorney General, not a "proper travel document." Talbot concedes that he is a native and citizen of Cameroon who entered the United States unlawfully in June 2002 and that he never received any type of immigration status in the United States. As such, he is a deportable alien under § 1227.

Talbot's final argument is that the District Court erred in concluding that he was not justified in hindering his removal.[3] To establish the affirmative defense of justification, Talbot first had to show by a preponderance of the evidence "that [he] or someone else was under unlawful and present threat of death or serious bodily injury." *United States v. Dodd*, 225 F.3d 340, 342 (3d Cir. 2000) (reciting the requirements of a justification defense for a defendant charged as a felon in possession).[4] He failed to make

---

[3]    We exercise plenary review over a district court's determination as to the sufficiency of evidence supporting the affirmative defense of justification. *United States v. Paolello*, 951 F.2d 537, 539 (3d Cir. 1991).

[4]    The justification defense, as articulated in *Dodd*, requires a defendant to show: "(1) that the defendant or someone else was under unlawful and present threat of death or serious bodily injury; (2) that the defendant did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative that would avoid both the criminal conduct and the threatened death or injury; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm." *Id.* Because we agree that

this showing.  As the District Court noted, Talbot "testified that after his release from prison [in Cameroon] for the 2001 arrest, he remained in Cameroon for an additional eleven months without incident before fleeing to Canada."  *United States v. Talbot*, 22 F. Supp. 3d 419, 425 (M.D. Pa. 2014).  Even if we accept that Talbot was a member of organizations at odds with the government of Cameroon, he did not present any evidence establishing a specific, imminent threat upon his return to Cameroon.  Therefore, he failed to satisfy the first prong of his justification defense.

For the foregoing reasons, we will affirm.

---

Talbot did not establish the first of these conjunctive prongs, we need not analyze the remaining requirements.